1 | Joon M. Khang (CSBN 188722)
2 | **KHANG & KHANG LLP**
3 | 4000 Barranca Parkway, Suite 250
Irvine, California 92604
4 | Telephone:  (949) 419-3834
5 | Facsimile:  (949) 385-6858
Email:  joon@khanglaw.com
6 |
7 | Attorneys for Creditors and Plaintiffs – Ka Sum Garlise Cheung, Ching Wong and
Martha Garibay
8 |

9 | **UNITED STATES BANKRUPTCY COURT**

10 | **CENTRAL DISTRICT OF CALIFORNIA – LOS ANGELES DIVISION**

| | |
|---|---|
| In re | )  Case No.:  2:23-bk-12682-NB |
| | ) |
| STEPHEN PERL, | )  Chapter 7 |
| | ) |
| Debtor. | )  Adv. Case No.: |
| | ) |
| _____ | ) |
| | )  **COMPLAINT TO DETERMINE** |
| KA SUM GARLISE CHEUNG; CHING | )  **NONDISCHARGEABILITY OF DEBT** |
| WONG; and MARTHA GARIBAY | )  **UNDER 11 U.S.C. § 523(a)(2) and (4)** |
| | ) |
| Plaintiffs, | ) |
| | ) |
| vs. | ) |
| | ) |
| STEPHEN PERL, | ) |
| | ) |
| Defendant. | ) |
| | ) |
| _____ | ) |

1

Plaintiffs Ka Sum Garlise Cheung ("Cheung"), Ching Wong ("Wong") and Martha Garibay ("Garibay")(Cheung, Wong and Garibay referred to collectively as "Plaintiffs") as follows:

## I.    JURISDICTION AND VENUE

1.    Debtor and Defendant, Stephen Perl ("Debtor") filed his Voluntary Petition under Chapter 7 of the U.S. Bankruptcy Code in this Court on May 2, 2023.

2.    This Court has jurisdiction over this adversary proceeding under the provisions of Title 28 U.S.C. §§ 157 and 1334.  This adversary proceeding is brought pursuant to 11 U.S.C. §§ 523(a)(2) and (4) and Rule 7001 of the Federal Rules of Bankruptcy Procedure.

3.    The claims for relief herein are core proceedings pursuant to 28 U.S.C. § 157(b)(2)(I) and (J).

4.    This adversary proceeding relates to the case of In re Stephen Perl, Case No. 2:23-bk-12682-NB, Chapter 7 proceedings in the U.S. Bankruptcy Court, Central District of California, Los Angeles Division. Pursuant to Rule 7008 of the Federal Rules of Bankruptcy Procedure, Plaintiffs consent to entry of a final order or judgment by the Bankruptcy Court.

5.    Venue is proper pursuant to 28 U.S.C. § 1409.

## II.    PARTIES

6.    Cheung was a creditor of PMF Investment Corp. ("PIC") (an entity that filed Chapter 7 bankruptcy in September 2021, Case No. 2:21-bk-17506-NB with the case closing as a "no asset case"). Cheung invested in PIC and was owed $80,000 plus interest from PIC at the time PIC filed for bankruptcy.

7.    Wong was also a creditor of PIC. Wong invested in PIC and was owed $100,000 plus interest from PIC at the time PIC filed for bankruptcy.

8.    Garibay was also a creditor of PIC. Garibay invested in PIC and was owed $300,000 plus interest from PIC at the time PIC filed for bankruptcy.

9.    Stephen Perl is the debtor herein.

## III.    SUMMARY OF FACTS

10.     All Plaintiffs were lenders to and made loans to PIC at various times in various amounts as specified below under the terms of a PIC promissory note ("PIC Note") which provided for interest payments for 13-month terms with return of principal if the lender made a demand for repayment of principal within 30 days of the end of the 13ᵗʰ month of the loan term. If the lender made a timely demand for repayment of principal, PIC had 90 days to repay the principal. If the requisite demand for payment of principal was not timely made, the PIC Note would automatically renew for a new 13-month term under the same terms as the original PIC Note.

11.     Cheung loaned $100,000 to PIC in February 2017, under a PIC Note and an additional $100,000 to PIC under a PIC Note in August 2017. To date, Cheung has been repaid $120,000 and a balance of $80,000 plus interest was due from PIC at the time that PIC filed its Chapter bankruptcy case.

12.     Wong loaned $100,000 to PIC in August 2017, under a PIC Note. To date, Wong has not been repaid her principal loan amount and a balance of $100,000 plus interest was due from PIC at the time that PIC filed its Chapter bankruptcy case.

13.     Garibay loaned $300,000 to PIC in May 2014, under a PIC Note. To date, Garibay has not been repaid her principal loan amount and a balance of $300,000 plus interest was due from PIC at the time that PIC filed its Chapter bankruptcy case.

14.     Although Debtor has denied that he was an "owner or officer" of PIC, Debtor none-the-less signed PIC Notes with Plaintiffs herein as "President" of PIC.

15.     PIC was a finance and lending company which obtained funds from investors like Plaintiffs herein and then loaned those funds to factoring companies.

16.     On information and belief, PIC only made loans to PM Factors, Inc ("PMF")(also doing business as 1ˢᵗ PM Capital), which was a factoring company owned by Debtor's parents. Debtor worked for PMF and earned income from PMF.

17.     In PIC's bankruptcy papers, it was stated that PMF grew significantly between 2014 – 2019 but in 2020, due to the COVID-19 business shutdowns, PMF suffered large losses and was prevented from paying creditors, including PIC, by it's secured creditor, Sterling Bank. As a result,

3

PMF defaulted on its obligations to PIC and PIC in turn defaulted on its obligations to its investors. PIC stopped making payments to its lender creditors in or around June 2021.

18.    Debtor has claimed that he was not an owner, shareholder or office of PIC and that he merely worked for PMF. According to his Statement of Financial Affairs filed in his case, Debtor was paid approximately $234,643 from PMF in 2021. This was the same year that PMF defaulted on its payments to Sterling Bank and PMF stopping paying PIC and PIC in turn stopped paying its investors/lenders.

19.    In 2020 and 2021, when PIC began to have financial problems as a result of the business failure at PMF, Plaintiffs became concerned and began to demand repayment of principal. At that time, Debtor as president of PIC along with his father, Peter Perl, sought to ease Plaintiffs' concerns and appease them by assuring them that PIC was a strong company with sound finances.

20.    Based on past dealings with Debtor and his father, Plaintiffs believed in Debtor and his father and waited patiently to be paid.

21.    Based on statements made in PIC's Chapter 7 bankruptcy case and Debtor's current Chapter 7 case, the statements and representations made by Debtor and his father about the soundness of PIC's finances in 2020 and 2021 were false and Debtor and his father were certainly aware of the falsity of those statements.

22.    Due to the reliance of Plaintiffs in the false statements of Debtor and his father, Plaintiffs continued to renew their loans and fund PIC. If Debtor and his father had not made the false representations to Plaintiffs, they would not have renewed their loans and would not have suffered their losses.

**IV.    FIRST    CLAIM    FOR    RELIEF    –    FOR    DETERMINATION    OF
NONDISCHARGEABILITY OF DEBT UNDER 11 U.S.C. § 523(a)(2)**

23.    Plaintiffs reassert and incorporate herein, each allegation set forth above in paragraphs 1 through 22, inclusive, as though fully stated and set forth hereat.

24.    In doing the things alleged herein, Debtor, through his fraudulent acts incurred a debt for money obtained by false pretenses, false representations and actual fraud.

4

1      25.     WHEREFORE, Plaintiffs pray for a nondischargeable judgment against Debtor

2  under 11 U.S.C. § 523(a)(2).

3     **V.     SECOND  CLAIM  FOR  RELIEF –  FOR  DETERMINATION  OF**

4     **NONDISCHARGEABILITY OF DEBT UNDER 11 U.S.C. § 523(a)(4)**

5      26.     Plaintiffs reassert and incorporate herein, each allegation set forth above in

6  paragraphs 1 through 25, inclusive, as though fully stated and set forth hereat.

7      27.     In doing the things alleged herein, Debtor committed fraud or defalcation while

8  acting in a fiduciary capacity.

9      28.     WHEREFORE, Plaintiffs pray for a nondischargeable judgment against Debtor

10  under 11 U.S.C. § 523(a)(4).

11     WHEREFORE, Plaintiffs pray for judgment against Debtor as follows:

12      1.     For Nondischargeable Judgments pursuant to 11 U.S.C. § 523(a)(2) against Debtor

13  for each Plaintiff herein, in amounts according to proof at trial;

14      2.     For Nondischargeable Judgments pursuant to 11 U.S.C. § 523(a)(4) against Debtor

15  for each Plaintiff herein, in amounts according to proof at trial; and

16      3.     For other and further relief as the Court deems warranted and just herein.

17  DATED: August 7, 2023            KHANG & KHANG LLP

18

19                       By: */s/ Joon M. Khang*
                           Joon M. Khang

20

21                     Attorneys for Creditors and Plaintiffs, Ka Sum
                     Garlise Cheung, Ching Wong and Martha Garibay

22

23

24

25

26

27

28